HARVEY SISKIND LLP
D. PETER HARVEY (SBN 55712)
Email: pharvey@harveysiskind.com
RAFFI V. ZEROUNIAN (SBN 236388)
Email: rzerounian@harveysiskind.com
Four Embarcadero Center, 39th Floor
San Francisco, CA 94111
Telephone: 415-354-0100
Facsimile: 415-391-7124

Attorneys for Plaintiff
Brown-Forman Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BROWN-FORMAN CORPORATION, a Delaware corporation,

        Plaintiff,

v.

MAJESTIC BRANDS, INC., a California corporation; LIQUID ARTS BEVERAGE GROUP, LLC, a California limited liability company; JASON KANE, an individual; LAWRENCE M. DAVENPORT III, an individual; and DOES 1 through 20, inclusive,

        Defendants,

Case No. CV 09 2137

COMPLAINT FOR BREACH OF CONTRACT; FRAUD; BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; FRAUDULENT CONVEYANCE; and ACCOUNTING

Plaintiff BROWN-FORMAN CORPORATION ("BFC" or "Plaintiff"), for its Complaint against MAJESTIC BRANDS, INC. ("Majestic Brands"), LIQUID ARTS BEVERAGE GROUP, LLC ("Liquid Arts"), JASON KANE ("Kane"), LAWRENCE M. DAVENPORT III ("Davenport"), and DOES 1 through 20 (hereinafter collectively "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff Brown-Forman Corporation, a Delaware corporation, is a worldwide producer and marketer of wines and distilled spirits, with a principal place of business in Louisville, Kentucky.

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant Majestic Brands, Inc., a California corporation, is a producer of alcoholic beverages with a principal place of business in Danville, California.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant Liquid Arts Beverage Group, LLC, a California limited liability company, is a producer of alcoholic beverages with a principal place of business in Danville, California.

4. Defendant Jason Kane is an individual residing in Contra Costa County, California. Plaintiff is informed and believes, and on that basis alleges, that Kane was Majestic Brands' President and Chief Executive Officer, owner, and alter ego. Plaintiff is informed and believes, and on that basis alleges, that there now exists, and at all times mentioned herein existed, a unity of interest between Majestic Brands and Kane, such that any individuality and separateness between Kane and Majestic Brands does not exist. Plaintiff is further informed and believes, and on that basis alleges, that Kane is an owner and managing member of Liquid Arts.

5. Defendant Lawrence M. Davenport III is an individual residing in Contra Costa County, California. Plaintiff is informed and believes, and on that basis alleges, that Davenport was Majestic Brands' Chief Financial Officer, Vice President, Treasurer, Secretary, owner, and alter ego. Plaintiff is informed and believes, and on that basis alleges, that there now exists, and at all times mentioned herein existed, a unity of interest between Majestic Brands and Davenport, such that any individuality and separateness between Davenport and Majestic Brands does not exist. Plaintiff is further informed and believes, and on that basis alleges, that Davenport is an owner and managing member of Liquid Arts.

6. Plaintiff is informed and believes, and on that basis alleges, that Majestic Brands is the alter ego of Davenport and Kane in that they illegally used and transferred assets of Majestic Brands for their personal use, caused assets of Majestic Brands to be transferred to themselves or

other corporate entities without adequate consideration, and withdrew funds from Majestic Brands' bank accounts for their personal use.

7. Plaintiff is informed and believes, and on that basis alleges, that Majestic Brands is and always has been a mere shell, instrumentality, and conduit through which Kane and Davenport carried on their business under the banner of a corporation while exercising complete control and dominance of such business to such an extent that any individuality or separateness of Majestic Brands from Kane and Davenport has not existed and does not exist.

8. Plaintiff is informed and believes, and on that basis alleges, that adherence to the fiction of the separate existence of Majestic Brands as an entity distinct from Kane and Davenport would permit an abuse of the corporate privilege and would sanction fraud in that Kane and Davenport could attempt to avoid any liability for damages, interest, attorneys' fees, and costs of suit by undercapitalizing Majestic Brands and by diverting and concealing the assets of Majestic Brands.

9. Plaintiff is informed and believes, and on that basis alleges, that adherence to the fiction of the separate existence of Liquid Arts as an entity distinct from Kane and Davenport would permit an abuse of the corporate privilege and would sanction fraud in that Kane and Davenport could attempt to avoid any liability for damages, interest, attorneys' fees, and costs of suit by undercapitalizing Liquid Arts and by diverting and concealing the assets of Liquid Arts.

10. Plaintiff is further informed and believes, and on that basis alleges, that there now exists, and at all times mentioned herein existed, a unity of interest between Majestic Brands and Liquid Arts, such that any individuality and separateness between Majestic Brands and Liquid Arts does not exist.

11. Plaintiff is informed and believes, and on that basis alleges, that Liquid Arts is an alter ego of Majestic Brands. Plaintiff is further informed and believes, and on that basis alleges, that both Liquid Arts and Majestic Brands have been and are engaged in the production of alcoholic beverages, and both are owned by Kane and Davenport, share offices and counsel, and that any products produced by Liquid Arts were created by Majestic Brands. Moreover, Plaintiff is informed and believes, and on that basis alleges, that Liquid Arts, Kane, and Davenport, each

engaged in fraudulent transfers of assets with Majestic Brands with the actual intent to hinder, delay, or defraud Plaintiff and/or without receiving reasonably equivalent value in exchange for the transfers.

12. Various others, presently unknown to Plaintiff, participated as co-conspirators with Defendants in the violations of law alleged in this Complaint and have engaged in conduct and made statements in furtherance thereof. DOES 1-10 are individuals that participated in the activity which is the subject of this action as alleged in the Complaint. DOES 11-20 are business entities of unknown form that participated in the activity which is the subject of this action as alleged in the Complaint. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1-20, and therefore sues them under fictitious names. Plaintiff will request permission to amend this Complaint to state the true names and capacities of these fictitiously named defendants when they are ascertained. Plaintiff is informed and believes, and on that basis alleges, that these fictitiously named defendants are legally responsible in some manner for the acts and omissions set forth below, and therefore are liable for the relief requested.

13. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned each of the defendants was the agent, servant, employee, and co-conspirator of each of the other defendants, and, in doing the acts hereinafter alleged, was acting within the course and scope of their authority as such agent, servant, employee, and co-conspirator with the permission and consent of their co-defendants and, further, that the defendants, and each of them, have authorized, ratified, and approved the acts of each of the other defendants with full knowledge of those acts.

## JURISDICTION

14. This Court has personal jurisdiction over Defendants because each of them resides, maintains an office, transacts business, has an agent, or is found in the County of Contra Costa, and each is thus within the jurisdiction of this Court for purposes of service of process.

15. This Court has subject matter jurisdiction under 28 USC §1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of diverse states.

16. Venue is proper under 28 USC §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

17. Under Civil L.R. 3-2(d), civil actions that arise in Contra Costa County shall be assigned to the Oakland Division.

## FACTUAL BACKGROUND

18. Majestic Brands entered into that certain Trademark & Merchandise License Agreement ("Agreement") with Plaintiff, effective July 1, 2006, conveying to Majestic Brands, among other things, an exclusive license to use Plaintiff's federally registered trademark CALIFORNIA COOLER (the "Mark").

19. Under the Agreement, Majestic Brands is obligated to pay a royalty rate/earned royalty percentage, depending upon the number of products bearing the Mark (the "Licensed Products") sold by Majestic Brands ("Royalty Payments"). The Agreement also provides that Majestic Brands is obligated to pay a minimum royalty guarantee ("Minimum Guarantee") on a quarterly basis, as a percentage of the total Minimum Guarantee amount due for the relevant contract period. The Minimum Guarantee is payable on the following schedule: First quarter 25%; second quarter 40%; third quarter 25%; fourth quarter 10%.

20. Paragraph 22.12 of the Agreement provides that the prevailing party in any action brought to enforce the Agreement "shall be entitled to recover reasonable attorneys' fees and other cost incurred in that action or proceeding."

21. Under the Agreement, during the first contract period (from July 1, 2006 through December 31, 2007), Majestic Brands' Minimum Guarantee obligation totaled $184,000. By mutual consent, the Agreement was terminated effective October 1, 2008, which is the first day of the fourth quarter of 2008. During the second contract period Majestic Brands' Minimum Guarantee obligation totaled $584,000. Based upon the Minimum Guarantee schedule, Plaintiff is also owed 90% of the payment due for the second contract period, to wit, $525,600. Accordingly, Majestic Brands' total Minimum Guarantee payment obligation for the first and second contract periods prior to termination totals $709,600.

22. To date, Majestic Brands has made payments to Plaintiff totaling $37,241. Deducting Majestic Brands' payments to date from the total amount owed, Defendants' remaining balance owed to Plaintiff totals $672,359, not including interest and attorneys' fees, as authorized by the Agreement.

23. On August 22, 2008, Plaintiff wrote to Defendants and requested the production of information, as required under the Agreement, necessary to facilitate the termination of the Agreement, including the total number of Licensed Products sold, and informed Majestic Brands of the deadline to provide its final royalty statement and final payment due under the Agreement. Defendants did not respond.

24. As a result, on November 5, 2008, Plaintiff again wrote to the Defendants, informed them of their breaches of the Agreement, and terminated the sell-off rights of Majestic Brands. Again, Defendants failed to provide the requested payments and information or even to respond to Plaintiff's correspondence.

25. On April 6, 2009, Plaintiff's outside counsel wrote to the Defendants, reminded them of their breaches of the Agreement, and requested the production of information necessary to facilitate the termination of the Agreement. The only response Plaintiff has received is a letter from Karrie Bercik, representing that she is counsel for Majestic Brands, and stating that Majestic Brands "transferred certain Intangible Property, subject to secured debt, to Liquid Arts Beverage Group, LLC ("Liquid Arts") in satisfaction of debt and settlement of claims held by Liquid Arts." Karrie Bercik has subsequently represented that she is also counsel for Liquid Arts.

26. Plaintiff is informed and believes, and on that basis alleges, that Defendants improperly transferred Majestic Brands' remaining assets, including intellectual property rights, to Liquid Arts with actual intent to hinder, delay, or defraud Plaintiff and/or without receiving reasonably equivalent value in exchange for the transfers. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Liquid Arts participated in this transfer with knowledge and the intent to assist Majestic Brands in defrauding and hindering payment of Majestic Brands' payment obligation to Plaintiff.

27. With no other avenues remaining to protect its rights, Plaintiff must therefore bring this Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

28. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-27 above.

29. The Agreement obligates Defendants to pay Plaintiff Royalty Payments subject to a Minimum Guarantee in exchange for an exclusive license to use certain intellectual property.

30. Plaintiff has performed all obligations and conditions required of it under the Agreement unless excused.

31. All conditions for Defendants' performance of the Agreement have been satisfied.

32. Defendants materially breached the Agreement by, among other things, failing to report and pay the amounts owed to Plaintiff thereunder.

33. As a result of Defendants' failure to perform as required under the Agreement, there has been a breach of contract and Plaintiff is therefore entitled to damages according to proof at trial, but not less than $672,359.

## SECOND CAUSE OF ACTION

### (Fraud)

34. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-33 above.

35. Defendants represented to Plaintiff that they would make Minimum Royalty Payments subject to the Minimum Guarantee and that Majestic Brands was adequately capitalized. On information and belief, Defendants failed to disclose the fact that they were misappropriating and absconding with monies or assets properly owed to Plaintiff, or had purposefully undercapitalized Majestic Brands in order to avoid fulfilling their payment obligations to Plaintiff.

36. Defendants knew that these representations were false when they made them, or Defendants made the representations recklessly and without regard for their truth.

37. Defendants intended that Plaintiff rely on Defendants' representations.

38.    Plaintiff reasonably relied on Defendants' nondisclosure of these material facts and misrepresentations. Plaintiff would not have entered into the Agreement with Majestic Brands and would not have continued doing business with Defendants had they informed Plaintiff as to their fraudulent conduct and intent.

39.    As a direct and proximate result of Defendants' intentional misrepresentations and nondisclosures, Plaintiff has suffered and will continue to suffer damages in an amount which is not yet capable of being determined but totaling at least $672,359, subject to proof at the time of trial.

40.    Defendants' actions as herein alleged were done maliciously and in bad faith, entitling Plaintiff to punitive damages.

## THIRD CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

41.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-40 above.

42.    Plaintiff entered into the Agreement with Defendants whereby Defendants agreed to pay Plaintiff a Royalty Payment subject to a Minimum Guarantee in exchange for an exclusive license to use certain intellectual property.

43.    Defendants knowingly and in bad faith breached the implied duty of good faith and fair dealing with the intent to frustrate Plaintiff's ability to receive funds in exchange for the exclusive license provided by the Agreement.

44.    Plaintiff has performed all obligations and conditions required of it under the Agreement unless excused.

45.    Majestic Brands' failure to perform under the Agreement demonstrates bad faith and unfair dealing on the part of Majestic Brands.

46.    As a direct and proximate cause of Defendants' breach, Plaintiff has suffered and will continue to suffer damages in an amount which is not yet capable of being determined but totaling at least $672,359, subject to proof at the time of trial.

47. Defendants' conduct constitutes outrageous, oppressive, and malicious conduct under § 3294 of the Code of Civil Procedure and justifies an award of exemplary and punitive damages against Defendants.

## FOURTH CAUSE OF ACTION

### (Fraudulent Conveyance)

48. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-47 above.

49. Defendants' acts and practices described above fall within the purview of the Uniform Fraudulent Transfer Act and, as such, constitute fraudulent conveyances. Specifically, Plaintiff is informed and believes, and on that basis alleges, that Defendants licensed intellectual property from Plaintiff under the Agreement, received money from the sale of products subject to the Agreement, and transferred the money received from the sale of products and other assets to Kane and Davenport personally, to Liquid Arts, or to other companies, all in an effort to misappropriate and abscond with monies and assets owed to Plaintiff.

50. Such transfers were made with the actual intent to hinder, delay, or defraud Plaintiff and/or without receiving reasonably equivalent value in exchange while Defendants were obligated to make certain payments to Plaintiff under the Agreement.

51. As a direct and proximate result of Defendants' fraudulent conveyances, Plaintiff has suffered and will continue to suffer damages in an amount which is not yet capable of being determined but totaling at least $672,359, subject to proof at the time of trial.

52. Defendants' conduct constitutes outrageous, oppressive, and malicious conduct under § 3294 of the Code of Civil Procedure and justifies an award of exemplary and punitive damages against each of the Defendants.

## FIFTH CAUSE OF ACTION

### (Accounting)

53. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in Paragraphs 1-52 above.

54. Plaintiff is owed funds not tendered by Defendants to Plaintiff.

55. Plaintiff does not know which entity possesses the funds to which Plaintiff is entitled. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants possesses records from which the location of funds owed to Plaintiff can be determined.

56. Plaintiff demands access to such records to determine the location of funds that were unlawfully misappropriated and/or taken by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For general, compensatory, consequential, special, and incidental damages according to proof;
2. For restitution and rescission;
3. For disgorgement of profits;
4. For punitive damages for intentional and malicious conduct;
5. For a judgment setting aside the fraudulent transfers;
6. For an injunction restraining Defendants from further disposition of all fraudulently transferred assets and proceeds;
7. For attorneys' fees;
8. For prejudgment interest at the maximum permitted rate;
9. For costs of suit incurred;
10. For an accounting as herein described; and
11. For such other and further relief as the Court may deem just and proper.

Dated: May 15, 2009

Respectfully submitted,

HARVEY SISKIND LLP
D. PETER HARVEY
RAFFI V. ZEROUNIAN

By: _____
Raffi V. Zerounian

Attorneys for Plaintiff
BROWN-FORMAN CORPORATION

| | |
|---|---|
| 1 | **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS** |
| 2 | Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the |
| 3 | named parties, there is no such interest to report. |

Dated:  May 15, 2009

Respectfully submitted,

HARVEY SISKIND LLP
D. PETER HARVEY
RAFFI V. ZEROUNIAN

By: _____
       Raffi V. Zerounian

Attorneys for Plaintiff
BROWN-FORMAN CORPORATION